# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

Le. L., individually and on behalf of
L.L. and E.L., minors,

    Plaintiff,

  v.

BURLINGTON COUNTY, et al.,

    Defendants.

Civil No. 20-6027 (RMB/MJS)

**OPINION**

**APPEARANCES**

David Wesley Cornish
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, Pennsylvania 19102

   *On behalf of Plaintiff*

Michael T. Moran
New Jersey Office of the Attorney General
25 Market Street
P.O. Box 116
Trenton, New Jersey 08625

   *On behalf of Defendant Detective Jennifer Marchese #7544*

**RENÉE MARIE BUMB, United States District Judge**

This matter comes before the Court upon the Motion to Dismiss filed by Defendant Detective Jennifer Marchese #7544. [Docket No. 19.] For the reasons set forth herein, Defendant's Motion to Dismiss will be granted.

I.      FACTUAL BACKGROUND

In this matter, Defendant—a Burlington County police officer—interviewed Plaintiff Le. L.'s eight-year-old daughter, L.L., "about touching herself, including where she learned/observed the behavior and Le. L. physically touching her." [Docket No. 12, ¶ 11 (alteration omitted).] Plaintiff alleges that Marchese's interview was "unduly suggestive and improper," as well as "coercive." [*Id.* ¶ 12.] As best the Court can discern from Plaintiff's Amended Complaint, Marchese allegedly sent the "materials" from the interview to the military police[1] and the Burlington County Prosecutor's Office. [*See id.* ¶¶ 13–15.] Plaintiff alleges that Marchese took these actions "knowing . . . Le. L. would be criminally charged" and, further, "purposefully misrepresented to the military police, who were members of her joint investigation, as to the veracity and reliability [of] the information obtained related to Le. L." [*Id.* ¶¶ 14–15.] Plaintiff alleges that Detective Marchese "knew her purposeful misrepresentations . . . would be relied upon in prosecuting and withholding Le. L.'s constitutional rights, in particular his right to freedom." [*Id.* ¶ 16.]

Subsequently, the Air Force criminally charged Le. L. for his alleged actions. [*Id.* ¶ 17.] Those charges were eventually dropped, however. [*Id.*] Nevertheless, Plaintiff remains on the Department of Defense's Sex Offender List. [*Id.* ¶ 26.] Plaintiff has evidently retained an expert named Dr. Gerald Cooke, who "issued a report regarding the interviews and interrogations conducted on L.L., and

---

[1] Defendant is evidently a member of the United States Air Force. [*See* Docket No. 12, ¶ 10.

determined the interviews were tainted and thus produced unreliable information." [*Id.* ¶ 21.] Plaintiff alleges that he has suffered in various ways as a result of these circumstances, including being separated from his children, pain and suffering, loss of employment opportunities, and other damages. [*See id.* ¶ 28.]

II.     **PROCEDURAL BACKGROUND**

Plaintiff initially filed this suit on May 18, 2020. [Docket No. 1.] He filed the operative Amended Complaint [Docket No. 12] on March 29, 2021. The Amended Complaint alleges claims of Malicious Prosecution (Count I), False Arrest and False Imprisonment (Count II), and Loss of Consortium (Count III), each under 42 U.S.C. § 1983. Two days after the Amended Complaint was filed, Defendant filed a pre-motion letter in accordance with the Court's Individual Rules. [Docket No. 14.] Plaintiff failed to respond to the letter as required, so the Court issued an Order to Show Cause as to "why the relief Defendant seeks in her pre-motion letter should not be granted." [Docket No. 15.] Plaintiff responded to the Order to Show Cause on April 14, 2021, [Docket No. 17], and also filed a brief in opposition to Defendant's contemplated Motion to Dismiss, [Docket No. 16]. Thereafter, the Court determined that a pre-motion conference was not necessary and instructed Defendant to proceed with filing her proposed motion, if she so desired. [Docket No. 18.] On May 6, 2021, Defendant filed the pending Motion to Dismiss. [Docket No. 19.] Plaintiff never filed a response; rather, he appears to rely on the brief in opposition that he filed on April 14, 2021. [Docket No. 16.] The Court will therefore treat that brief as if it had been timely filed in response to Defendant's Motion.

### III. JURISDICTION

The Court exercises subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as Plaintiff alleges federal claims.

### IV. LEGAL STANDARD

When considering a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005). It is well-settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957); then citing *Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994); and then citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

> To determine the sufficiency of a complaint, a court must take three steps. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the

assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (alterations in original) (citations omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 675, 679 (2009)). A court may "generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Twombly*, 550 U.S. at 563 n.8 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)); *see also Iqbal*, 556 U.S. at 684 ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("*Iqbal* . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before *Twombly*."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Malleus*, 641 F.3d at 563 (quoting *Twombly*, 550 U.S. at 570).

V.  ANALYSIS

Defendant raises four arguments in support of her Motion to Dismiss. [*See* Docket No. 19-1, at 1–2.] First, she argues that Plaintiff fails to state a claim. [*Id.* at

5

9–17.] Second, she argues that she is entitled to qualified immunity. [*Id.* at 17–21.] Third, she argues that she is entitled to sovereign immunity in her official capacity. [*Id.* at 21–23.] Finally, she argues that she is not a "person" amenable to suit in her official capacity. [*Id.* at 24–26.] Because the Court agrees with Defendant's first argument, it will grant her Motion on that basis alone.[2]

### A. Failure to State a Claim

#### 1. Malicious Prosecution (Count I)

To adequately allege a claim for malicious prosecution under 42 U.S.C. § 1983, a plaintiff must establish the following five elements:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Johnson v. Knorr*, 477 F.3d 75, 81–82 (3d Cir. 2007).

With respect to the first element, "[p]rosecutors, not police, are generally responsible for initiating criminal proceedings" and, therefore, "[t]o hold a police officer responsible for initiating a criminal proceeding, a plaintiff needs to

---

[2] The Court notes that Defendant's qualified immunity argument is premature. "[I]t is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases." *Freeman v. Schaffer*, No. 18-11566 (RMB), 2019 U.S. Dist. LEXIS 94120, at *25 (D.N.J. June 5, 2019) (quoting *Newland v. Reehorst*, 328 F. App'x 788, 791 n.3 (3d Cir. 2009)). Further development of the record is required here before the Court can undertake a qualified immunity analysis.

demonstrate that the officer 'knowingly provided false information to the prosecutor or otherwise interfered with the prosecutor's informed discretion.'" *Dress v. Falls Twp.*, No. 16-4918, 2017 U.S. Dist. LEXIS 76335, at *6 (E.D. Pa. May 19, 2017) (quoting *Brockington v. City of Phila.*, 354 F. Supp. 2d 563, 569 (E.D. Pa. 2005)); *see also Gallo v. City of Phila.*, 161 F.3d 217, 220 n.2 (3d Cir. 1998) ("[A] § 1983 malicious prosecution claim might be maintained against one who furnished false information to, or concealed material information from, prosecuting authorities."). The third and fourth elements also bring into consideration the defendant police officer's conduct.

Here, Plaintiff's Amended Complaint does not adequately allege the first, third, or fourth elements of a malicious prosecution claim because Plaintiff's allegations are far too conclusory.[3] Plaintiff asserts, without alleging any facts in support, that the interview "was unduly suggestive and improper," "caused L.L. great confusion and misinterpretations," and was "coercive." [Docket No. 12, ¶ 12.] He further alleges, again without pointing to any facts in support, that "Defendant

---

[3] Defendant does not dispute that the fifth element is satisfied here. However, she does dispute that the second element is satisfied because Plaintiff remains on the DOD's sex offender registry. [Docket No. 19-1, at 12–13.] Defendant argues that this means Plaintiff could not be considered "innocent" of the charged crime, which is necessary to satisfy the second element. *See Hector v. Watt*, 235 F.3d 154, 156 (3d Cir. 2000) ("[A] plaintiff claiming malicious prosecution must be innocent of the crime charged in the underlying prosecution.") The Court disagrees with Defendant's argument. Plaintiff implies—although it should be more explicit—that he is innocent. His presence on the sex offender registry, apparently based on a since-withdrawn allegation of abuse, is not a death knell for Plaintiff's claim of innocence. More factual development would be required to show whether or not Plaintiff's claim of actual innocence is justified and if, therefore, he can satisfy the second element of the malicious prosecution claim.

7

purposefully misrepresented" information to the military police and other that prevented them "from fairly and independently assessing the evidence and making a judgment." [*Id.* ¶ 15.] Plaintiff depends on these conclusory assertions to satisfy, at least, the first, third, and fourth elements of his malicious prosecution claim. Specifically, the conclusory allegation that Defendant "purposefully misrepresented" information to the relevant prosecutors is necessary to hold that Defendant "initiated" the criminal proceedings against Plaintiff under Third Circuit precedent. Moreover, the conclusory allegation that the interview was improper is required to show that probable cause did not exist in this case. Finally, Plaintiff relies on the conclusory allegations to satisfy the fourth element: that Defendant acted maliciously. can be deemed to have "initiated" the criminal proceedings against Plaintiff because she misled the Air Force's prosecutors.

These allegations do not satisfy the Rule 12(b)(6) standard. Rather, they merely constitute "a formulaic recitation of the elements of a cause of action"—that is, the first, third, and fourth elements. *See Twombly*, 550 U.S. at 555. Therefore, the Court will grant Defendant's Motion to Dismiss, without prejudice, with respect to Plaintiff's malicious prosecution claim.

## 2. False Arrest and False Imprisonment (Count II)

Claims for false arrest and false imprisonment must allege a lack of probable cause. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995). Here, as noted above, Plaintiff's allegation that Defendant lacked probable cause is

conclusory and therefore insufficient. The Court therefore will dismiss Count II without prejudice.

Moreover, Plaintiff makes no allegation that Defendant personally arrested or imprisoned Defendant. Therefore, the only way that Defendant can be held liable for false arrest and imprisonment is if her "intentional acts set the arresting officer in motion." *Berg v. County of Allegheny*, 219 F.3d 261, 272 (3d Cir. 2000). Defendant argues that Plaintiff cannot meet this standard based on the conclusory allegations made in the Amended Complaint. However, the Court notes that it is possible that a non-arresting officer who intentionally provides incorrect information to other officers may have "set the arresting officer[s] in motion" if those officers ultimately arrest the plaintiff. *See id.* at 274 (implying that a warrant clerk intentionally entering incorrect information on a warrant would meet the above standard). Therefore, the Court will not dismiss this claim with prejudice, as Plaintiff could theoretically provide more details to support his claim of false arrest and false imprisonment.

### 3. Loss of Consortium (Count III)

Finally, Plaintiff's loss of consortium claim fails because all of Plaintiff's claims arise under § 1983, which does not support a derivative claim for loss of consortium. *See Armstrong v. Sherman*, No. 09-716, 2010 U.S. Dist. LEXIS 55616, at *5 (D.N.J. June 4, 2010) (noting that "the majority of federal courts to consider the question of whether or not section 1983 supports a claim for loss of consortium have decided that it does not" because "the Constitution protects only a limited set of important rights [and] does not afford protection to the kind of lesser benefits

encompassed by the concept of 'consortium'" and because "the wording of section 1983 afford[s] relief only to persons whose rights were actually invaded—not to persons who suffered harm from the deprivation of another person's rights") (first citing *Niehus v. Liberio*, 973 F.2d 526, 534 (7th Cir. 1992); and then citing *Stallworth v. City of Cleveland*, 893 F.2d 830, 838 (6th Cir. 1990)). The Court will dismiss this claim with prejudice, as Plaintiff's only other claims arise under Section 1983.

## VI. CONCLUSION

For the reasons expressed above, the Court will grant Defendant's Motion to Dismiss. An accompanying Order shall issue.

December 28, 2021  
Date

Renée Marie Bumb  
Renée Marie Bumb  
United States District Judge